**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CHAD STEVEN TINGLEY,** | ) |
| | ) |
|     **Petitioner/Defendant,** | ) |
| | )   **CIVIL NO. 10-cv-162-JPG** |
| **vs.** | ) |
| | )   **CRIMINAL NO. 06-cr-40003** |
| **UNITED STATES of AMERICA ,** | ) |
| | ) |
|     **Respondent/Plaintiff.** | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.

Rule 4(B) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After carefully reviewing the instant motion, the Court concludes that Petitioner is not entitled to relief, and the motion must be dismissed.

**BACKGROUND**

Pursuant to the terms of a written plea agreement, Petitioner plead guilty to: (1) conspiracy to manufacture, distribute, and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846; (2) maintaining a residence for the purpose of manufacturing methamphetamine in violation of 21 U.S.C. § 856(a)(1); (3) being a felon of

possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (4) possession of stolen firearms in violation of 18 U.S.C. § 922(j); (5) possession of a sawed-off shotgun in violation of 26 U.S.C. 5861(d); and (6) possession of a firearm in relation to drug-trafficking in violation of 18 U.S.C. § 924(c)(1)(A). *United States v. Tingley*, Case No. 4:06-cr-40003 (S.D. Ill. Plea Agreement filed October 30, 2006). On September February 16, 2007, Petitioner was sentenced to 260 months imprisonment, 8 years supervised release, a $600 fine, and a $600 special assessment *Id*. (Judgment filed Feb. 16, 2007).

The written plea agreement provided that "the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28 [United States Code], or under any other provision of federal law." *Id.* (Plea Agreement). From this waiver of his right to pursue either a direct appeal or collateral review, Petitioner carved out three exceptions. First, " if the sentence imposed [was] . . . in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserve[d] the right to appeal the reasonableness of the sentence." *Id*.

In addition, the written plea agreement set out the following two exceptions:

> Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the Defendant actually innocent of the charges covered herein, and 2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10).

*Id.*

True to his word, Petitioner did not seek direct review of his convictions and/or sentences. A review of this Court's records also indicates that Petitioner has not previously sought relief

pursuant to 28 U.S.C. § 2255.

In the instant motion, Petitioner contends that on or about August 3, 2009, he became aware of new evidence which he believes effects his criminal case. Specifically, Petitioner learned that Marty Kein, the police officer and the "sole investigator that obtained the search warrant" against him, had been forced to resign his position with City of Marshall police department . Petitioner contends that Keim was forced out because of official misconduct. Petitioner does not specifically identify the exact misconduct Keim allegedly engaged in with respect to his case. Instead, Petitioner argues more generally that Keim had a pattern of misconduct. Petitioner contends that Keim also had a personal grudge against him. Linking Keim's alleged "general" misconduct with Keim's alleged personal grudge against him, petitioner claims that he should be allowed to withdraw his guilty plea because "newly discovered evidence proves that [Petitioner] was maliciously prosecuted by a bias[ed] lying corrupted police officer." Petitioner further contends that his § 2255 motion is timely filed under the provisions of 28 U.S.C. § 2255(f)(4).

### **DISCUSSION**

Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 faces an insurmountable obstacle. Specifically, Petitioner waived his right to seek relief pursuant to 28 U.S.C. § 2255 and such waiver is enforceable.

As noted above, Petitioner waived the right to seek relief pursuant to 28 U.S.C. § 2255 in his written plea agreement. There is no exception in the written plea agreement that makes the waiver inapplicable. Finally, the plea agreement is otherwise enforceable. The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert.*

*denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of § 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190. *See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003). .

Neither the petition nor Petitioner's memorandum in support of it addresses the waiver contained in the written plea agreement. The Court assumes that Petitioner would argue that this case falls within one of the three exceptions, contained in the written plea agreement, to the waiver provision. Petitioner might also argue that the waiver is not enforceable. These arguments, however, are without merit.

None of the three exceptions to the waiver of Petitioner's right to collaterally attack his convictions applies to the instant claim. In this case, Petitioner does not contend that his sentence is in excess of the Sentencing Guidelines. Petitioner's claim is also not based on a change in the interpretation of the law. Finally, Petitioner does not argue that his claim is based on a Sentencing Guideline amendment made retroactive to his case. Therefore, by the terms of the written plea

agreement, Petitioner waived his right to bring the instant § 2255 claim based on "newly discovered evidence." .

For the waiver to apply, however, Petitioner's sentence had to be within the maximum provided for in the statute of conviction and the applicable guideline range based upon his relevant conduct. The maximum penalty for Count 1 (conspiracy to manufacture methamphetamine) is life imprisonment. 21 U.S.C. §§ 841(b)(1)(B), 846, and 851. The maximum penalty for Count 2 (maintaining residence to manufacture methamphetamine) is 20 years imprisonment. 21 U.S.C. § 856(b). The maximum penalty for Counts 3 (felon in possession of a firearm) and 5 (possession of stolen firearms) is 10 years imprisonment. 18 U.S.C. § 924(a)(2). The maximum penalty for Count 8 (possession of a sawed-off shotgun) is 10 years imprisonment. 26 U.S.C. § 5871. A term of imprisonment of not less than 10 years is required on Count 11 (possession of a firearm in relation to drug-trafficking), consecutive to any other term of imprisonment. 18 U.S.C. § 924(c)(1)(B)(i). Based upon the conduct to which Petitioner admitted and others attributed to him, his applicable range of imprisonment was 140-175 months, plus 120 months consecutive (on Count 11). As noted above, Petitioner was sentenced to 260 months imprisonment - well within the Guideline range. Accordingly, there is no basis in the record for avoiding this waiver, as the Court neither relied upon constitutionally impermissible factors in sentencing Petitioner nor sentenced him above the statutory maximum.

## DISPOSITION

Petitioner accepted the benefits of a written plea agreement with the Government in which he expressly waived his right to pursue a collateral attack on his convictions, except in certain situations not applicable to this case. Petitioner's waiver included his right to bring this § 2255

action based on "newly discovered evidence."  The waiver is valid and enforceable.  Accordingly, Petitioner is not entitled to relief under 28 U.S.C. § 2255 and this action is summarily **DISMISSED** with prejudice.  All pending motions are **DENIED** as moot.

    **IT IS SO ORDERED.**

    **Dated: July 7, 2010.**

                                                   **s/ J. Phil Gilbert**
                                                   **U. S. District Judge**